IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK G. MACEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12-cv-00197 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 26] filed on December 20, 2013. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Mark G. Macek, filed for Disability Insurance Benefits on July 24, 2009, alleging a disability onset date of November 3, 2008. His claim initially was denied on December 4, 2009, and again denied upon reconsideration. Macek requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before ALJ Kathleen Mucerino. The ALJ issued a decision denying benefits, and that decision was upheld by the Appeals Council. Macek filed his complaint with this court on May 16, 2012. On September 27, 2013, the court remanded the decision for further proceedings.

In the Opinion and Order, the court explained that the ALJ relied on state agency reviewing physician, Dr.Magnus', report when she determined that Macek had moderate

1

limitations in concentration, persistence, or pace, and that Macek could perform one or two step routine tasks. Dr. Magnus also concluded that Macek had a moderate limitation in completing a normal workday or workweek without psychological interruptions. However, the ALJ did not adopt this limitation or explain why she rejected it.

The court also remanded Macek's claim because the ALJ limited Macek to one- to two-step tasks, but the VE identified jobs with a Level 2 reasoning. The Dictionary of Occupational Titles defined level one jobs as involving one- to two- step tasks, so the court determined that the Level 2 jobs the VE identified conflicted with the ALJ's RFC finding.

The ALJ also rejected the opinion of Macek's treating psychiatrist in part because it was not well supported. The ALJ noted on multiple occasions that Dr. Ghandi did not provide his treatment notes. The court determined that the ALJ could not accurately determine whether Dr. Ghandi's opinion was supported without consideration of his treatment notes, and that the ALJ should have requested the information.

The court concluded that the ALJ's overall decision was well-supported and explained, but remanded for the reasons explained above. Macek now moves for attorney's fees. The Commissioner objects, arguing that her position was substantially justified.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A)***; see also* ***Commissioner, I.N.S. v. Jean*,** 496 U.S. 154, 154, 110 S.Ct.

2316, 110 L.Ed.2d 134 (1990)*; Golembiewski v. Barnhart*, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." **28 U.S.C. § 2412(d)(1)(B);** *see also* ***Scarborough v. Principi***, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); ***United States v. Hallmark Constr. Co.***, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. **28 U.S.C. § 2412(d)(2)(D)**; *Golembiewski*, 382 F.3d at 724; ***Marcus v. Shalala***, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." ***Golembiewski***, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). A court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See* ***Hallmark Constr.***, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. ***Jean***, 496

3

U.S. at 159, 110 S.Ct. at 2319; ***Jackson v. Chater***, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." ***Marcus***, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See **Hallmark Constr.***, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also* ***Golembiewski***, 382 F.3d at 724. Expanding on this definition, the Seventh Circuit has explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." ***Stein v. Sullivan***, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550); ***Church v. Astrue***, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational ground for its action,'" the Commissioner's position is substantially justified.'" (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). When conducting this analysis, the court should consider whether the ALJ's decision was supported by evidence of record and whether the Commissioner's position was supported by applicable law. ***Church***, 496 F.Supp.2d at 966 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See*

4

***Pierce*,** 487 U.S. at 568-69, 108 S.Ct. at 2552. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See **Pierce***, 487 U.S. at 569, 108 S.Ct. at 2252. The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See **Pierce***, 487 U.S. at 565, 108 S.Ct. at 2561; ***Golembiewski***, 382 F.3d at 724.

First, the Commissioner argues that she was justified to argue that the level 2 jobs identified by the VE were not inconsistent with the one-to-two step tasks the ALJ limited Macek to performing. The court rejected this argument because the Dictionary of Occupational Titles states that jobs that involve one-to-two step tasks have a reasoning level of one. ***Dictionary of Occupational Titles, Appendix C-Components of the Definitional Trailer***, 1991 WL 688702. The Commissioner argues that she was substantially justified because in ***Terry v. Astrue***, 580 F.3d 471, 478 (7th Cir. 2009), the Seventh Circuit found that there was no apparent conflict between the ALJ limiting the claimant to simple work and the jobs identified by the VE that required a reasoning level of 3. However, as the court explained, the conflict was more apparent than in ***Terry*** because the wording of the ALJ's RFC was in direct conflict with the language used in the DOT.

More convincingly, the Commissioner points out that this court has determined that the conflict between a one- to two- step task and jobs with a reasoning level of 2 was not so obvious that the ALJ should have picked up on it without the assistance of counsel. ***Pomilia v. Astrue***, 2012 WL 691628, *20 (N.D. Ind. March 2, 2012). This shows that reasonable minds could differ on whether this error was deserving of remand on this issue and that cases within this district supported the Commissioner's position. Therefore, the court finds that the

5

Commissioner was substantially justified to defend this issue.

Next, the Commissioner argues that she was substantially justified to defend the ALJ's error of failing to consider Dr. Magnus' opinion that Macek could complete a normal workweek without interruptions from psychologically based symptoms because it was an error of articulation. The Seventh Circuit has recognized that the "level of articulation required is far from precise." *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992). The requirement that the ALJ articulate her reasoning is flexible and an ALJ's failure to satisfy this articulation requirement does not equate to a finding that the Commissioner's position was not substantially justified. *Stein*, 966 F.2d at 320.

In *Stein*, the court explained that the Commissioner was substantially justified because, in remanding the case, the court held only that there was some contrary evidence that the ALJ failed to consider or to articulate that he considered. *Stein*, 966 F.2d at 320. The court found that the ALJ's explanation was insufficient, not that it was unsupported in its entirety. *Stein*, 966 F.2d at 320. Similarly, In *Cunningham*, the Seventh Circuit explained that the ALJ's failure to connect the dots of her analysis was not the same as failing to discuss the basis of her determination at all. *Cunningham*, 440 F.3d at 865. The court determined that the because the ALJ made a general reference to medical evidence which supported the Commissioner's position, although she did not cite to the direct evidence at issue, the Commissioner's position was substantially supported and the court denied fees. *Cunningham*, 440 F.3d at 865.

Here, the ALJ acknowledged and discussed much of Dr. Magnus' opinion, although she omitted a discussion of evidence that was contrary and material to her conclusion. The ALJ failed to identify or discuss Dr. Magnus' opinion that Macek had a moderate limitation in

6

completing a normal workday or workweek without psychological interruptions. However, because it is clear that the ALJ considered Dr. Magnus' opinion, and as the court acknowledged, it was not clear what effect, if any, this moderate limitation would have had on Macek's ability to perform simple one-and-two step tasks on a consistent basis, the ALJ's error was one of articulation rather than complete omission. The record reflects that the ALJ considered this opinion, but she did not "connect the dots" and fully articulate her finding. Because the Seventh Circuit has recognized that the level of articulation required is flexible, the court finds that the Commissioner was substantially justified to defend this issue.

Finally, the Commissioner argues that she was substantially justified to defend the ALJ's consideration of Dr. Gandhi's opinion. Dr. Gandhi was Macek's treating psychiatrist. The ALJ rejected Dr. Gandhi's opinion because he did not provide his treatment notes, he opined that Macek was disabled, which was an issue reserved for the Commissioner, and his opinion was inconsistent internally and was inconsistent with the other evidence of record. The court acknowledged that the ALJ reasonably discounted Dr. Gandhi's opinions and provided sufficient support for her decision to do so but determined that the ALJ relied in part on the absence of Dr. Gandhi's treatment notes in reaching her determination. The court explained that one of the factors the ALJ must consider when determining how much weight to assign a treating physician's opinion is the "supportability of the medical opinion." *See* **20 C.F.R. § 404.1527(d)(1)-(6)**. Absent consideration of the treatment records of Macek's treating physicians, the court could not be certain that the ALJ understood the basis of their decisions. The court concluded that the record did not contain all of the necessary information and that the ALJ should have re-contacted Macek's treating physicians to elicit their treatment records.

7

Although the ALJ failed to consider one factor, as the court acknowledged, the ALJ's decision was "well-supported and explained" and reflected that she considered other factors. She identified inconsistencies and pointed to treatment that was inconsistent with the treating sources' opinions. The ALJ's failure to articulate fully one factor does not render the ALJ's determination unsupported. *See* **Cunningham**, 440 F.3d at 865 (explaining that ALJ's failure to discuss the factors required by the regulations in assessing credibility did not render the Commissioner's decision to defend the claim unjustified). Rather, this is another failure to articulate fully the decision, which does not render the Commissioner's position unjustified.

Based on the foregoing reasons, the court does not find that the Commissioner was not justified to defend the ALJ's decision. The ALJ's errors were the result of her failure to articulate a complete explanation. The court noted that the ALJ's overall decision was well-supported and explained. For these reasons, the court finds that the Commissioner's decision was substantially justified and **DENIES** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 26].

ENTERED this 26th day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge